**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>*Petitioner,*<br><br>v.<br><br>GARY STOLZER, *et al.*,<br><br>*Respondents.* | No. 1:26-cv-00286 MAL |

**Memorandum and Order**

Petitioner John Doe filed a 28 U.S.C. § 2241 habeas petition seeking relief from immigration detention. Doc. 1 (redacted); Doc. 13-2 (unredacted). Doe also filed a motion for leave to file documents and exhibits under seal, Doc. 12, and a motion to proceed under pseudonym, Doc. 3. The Court **GRANTS in part** and **DENIES in part** the Motion for Leave to File Under Seal, **GRANTS** the Motion for Leave to Proceed Under Pseudonym, and **DENIES** the petition.

## I. Background

Doe has been living in the United States as a permanent resident. Doc. 1 at 1. Immigration and Customs Enforcement ("ICE") arrested Doe, who is currently detained at the St. Genevieve County Detention Center. Doc. 1 at 2. ICE arrested Doe pursuant to a Form I-200 warrant; Doe alleges that ICE did not issue a Notice to Appear until after the arrest. Doc. 1 at 2. The Department of Homeland Security ("DHS") has charged Doe as deportable under 8 U.S.C. § 1227(a)(4)(B) (referencing various terrorist activities). *See* Doc. 13-2 at 31. Consequently, Respondents have detained Doe pursuant to the mandatory detention provision codified at 8 U.S.C. § 1226(c)(1)(D). Doc. 1 at 3. Doe filed a 28 U.S.C. § 2241 habeas petition seeking immediate release. Doc. 1 at 4.

## II. Analysis

Doe makes multiple arguments for why he should no longer be detained. First, he argues that ICE violated statutory and regulatory requirements by arresting him before DHS issued a Notice to Appear.[1] Doc. 1 at 32–37. Second, in the alternative, Doe argues that detention without individualized assessment of his circumstances violates due process. Doc. 1 at 37–41. Neither argument prevails.

### A. Legal Standard

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). As relevant here, a district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

### B. The timing of Doe's arrest does not require release under 28 U.S.C. § 2241.

The timing of Doe's arrest does not require release pursuant to 28 U.S.C. § 2241. Doe argues that the governing statutory and regulatory framework authorizes detention only when arrest occurs after issuance of a Notice to Appear. Doc. 1 at 32–37. Because the arrest occurred before issuance of a Notice to Appear, Doe argues, the Court must provide habeas relief and release him. Doc. 1 at 36, 37. Not so.

#### i. Statutory and Regulatory Framework

The statute 8 U.S.C. § 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Thus, a valid warrant authorizes detention.

---

[1] Doe presents a due process claim based on his argument concerning issuance of the Notice to Appear. Doc. 1 at 36–37. But this due process claim is based wholly on violation of the statutory and regulatory framework. Doc. 1 at 36–37. Thus, there is no need for the Court to consider separately this piggybacking due process claim.

Certain regulations add a procedural requirement for arresting aliens. The regulation 8 C.F.R. § 236.1(b)(1) says that "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . [an alien] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." This regulatory provision imposes a timing-of-arrest requirement. By the regulation's terms, an arrest that precedes issuance of the Notice to Appear contravenes the regulation. 8 C.F.R. § 236.1(b)(1).

Then there is 8 U.S.C. § 1226(c)(1)(D), which requires the Attorney General to detain any alien deportable under 8 U.S.C. § 1227(a)(4)(B). The provision does not confer detention authority. Rather, it limits the Attorney General's discretion to detain or not detain under 8 U.S.C. § 1226(a). *Nielsen v. Preap*, 586 U.S. 392, 409 (2019) ("[8 U.S.C. § 1226](c) is simply a limit on the authority conferred by [8 U.S.C. § 1226](a).").

**ii. The timing-of-arrest regulation does not require Doe's release.**

The timing-of-arrest provision in 8 C.F.R. § 236.1(b)(1) does not require Doe's release. Doe alleges that his arrest preceded issuance of the Notice to Appear. Doc. 1 at 2. Therefore, according to Doe, the Form I-200 warrant authorizing his arrest was invalid, and ICE failed to satisfy the statutory warrant requirement contained in 8 U.S.C. § 1226(a). *See* Doc. 1 at 33–34. That is incorrect. The regulation 8 C.F.R. § 236.1(b)(1) imposes a rule concerning arrest timing, but it says nothing about invalidating warrants. Nothing in the regulatory language suggests that a Form I-200 warrant somehow becomes invalid if it is not issued after or at the same time as the notice to appear. *Gamez-Quintanilla v. Arteta*, No. 26-cv-6350 (AS), 2026 WL 2517655 at *2 (S.D.N.Y. Aug. 26, 2026) (recognizing that violating 8 C.F.R. § 236.1(b)(1)'s timing-of-arrest requirement does not invalidate a Form I-200 warrant).

As the *Gamez-Quintanilla* court said in a similar case, "unconditional release is generally granted only where the detention is substantively (not merely procedurally) improper, or where a procedural violation is 'so egregious, its

consequences so grave, and the unlawful restraints already imposed on the petitioner's liberty so lengthy or severe that the law and justice mandate unconditional discharge.'" *Id.* (quoting James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 33.2). Here, "where the alleged violation concerns the sequencing of the issuance of administrative documents by agency personnel, it's unclear why release would be appropriate." *Id.* "After all, even if the Court were to order" Doe's "release, the Government could just go through the steps to re-arrest him, with the [Notice to Appear] already having been issued this time around." *Id.* Because it is undisputed that the government issued a Form I-200 warrant before arresting Doe, Doc. 1 at 2, it follows that ICE satisfied the statutory warrant requirement contained in 8 U.S.C. § 1226(a). Therefore, 8 U.S.C. § 1226(a) authorized Doe's detention pending removal. Any violation of the timing-of-arrest requirement of 8 C.F.R. § 236.1(b)(1) does not change that fact.

Further, habeas petitions remedy unlawful detentions, not unlawful arrests. *Baquedano v. Johnson*, No. 1:26-cv-178-SRC, 2026 WL 3120663, at *5 (E.D. Mo. Oct. 19, 2026) ("A habeas petition isn't the proper avenue to challenge the lawfulness of an arrest[.]"); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (in habeas proceedings, "if sufficient ground for [ ] detention by the government is shown, [the detainee] is not to be discharged for defects in the original arrest or commitment"). Thus, habeas relief cannot remedy any violation of 8 C.F.R. § 236.1(b)(1) that may have occurred.

**C. Detention does not violate 8 U.S.C. § 1226(c)(1)(D).**

Doe argues that 8 U.S.C. § 1226(c)(1)(D) requires more than a mere accusation that a detainee is deportable under 8 U.S.C. § 1227(a)(4)(B)—it requires a determination of such after a hearing. Doc. 1 at 38–40. Thus, Doe argues, he must be released. *Id.* at 40. Not so.

The statute 8 U.S.C. § 1226(a) permits the Attorney General to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." That section gives the Attorney General the discretion to detain the alien or release him on bond pending decision. 8 U.S.C. § 1226(a). The section 8

U.S.C. § 1226(c) removes the Attorney General's discretion to release certain aliens on bond pending a decision on whether the alien is to be removed. As relevant here, aliens who are "deportable under [8 U.S.C. §] 1227(a)(4)(B)" must be taken into custody pending a removal determination. Holding that ICE must first have a hearing about whether an alien has actually engaged in certain terrorist activities pursuant to § 1227(a)(4)(B) effectively nullifies another part of the statute—§ 1226(a), (c)—which requires the Attorney General to detain certain aliens while determining whether they are removable. *See Nielsen*, 586 U.S. at 409. Courts disfavor reading statutes in a way that is absurd or that nullifies another part of the statue. *Breedlove v. Earthgrains Baking Companies*, 140 F.3d 797, 800 (8th Cir. 1998) (absurd statutory interpretations disfavored); *Brotherhood of Locomotive Firemen and Enginemen v. Northern Pac. Ry. Co.*, 274 F.2d 641, 646 (8th Cir. 1960) ("[C]ourts should construe a statute so as to harmonize and reconcile each part thereof with every other part.").

**D. Due process does not require Doe's release or a hearing.**

Nor does due process require Doe's release or a hearing. Doe argues that due process requires he be released or granted a hearing at which the government must prove (1) by a preponderance of the evidence his deportability under 8 U.S.C. § 1226(c)(1)(D) and (2) by clear and convincing evidence that he is either a flight risk or a danger to society. Doc. 1 at 40. Eighth Circuit precedent forecloses both arguments.

Doe does not succeed on his as-applied challenge. In *Banyee v. Garland*, the Eighth Circuit applied a bright-line rule: "the government can detain an alien for as long as deportation proceedings are still 'pending'" without violating the due process clause. 115 F.4th 928, 933 (8th Cir. 2024) (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). In *Banyee*, the Eighth Circuit held that "[d]ue process imposes no time limit on detention pending deportation[.]" *Id.* at 930. Because the detainee in *Banyee* was held for a year, which is much longer than the three months that Doe has been held in custody, there is no doubt that *Banyee* controls. *Compare id.* (detainee held for a year) *with* Doc. 1 at 2 (Doe held since August 26, 2026). Because deportation

proceedings are pending against Doe, Doc. 1 at 32, the government detains him consistent with due process. *See Banyee*, 115 F.4th at 931 ("Detention during deportation proceedings is constitutionally valid.") (cleaned up).

## Conclusion

Doe's petition for habeas corpus under 28 U.S.C. § 2241 is **DENIED** and **dismissed**.

**IT IS FURTHER ORDERED** that Doe's Motion for Leave to File Under Seal, Doc. 12, be **GRANTED in part** and **DENIED in part**. Doe may file the Notice of Identity (Doc. 13-1), Petition for Writ of Habeas Corpus (Doc. 13-2), and Petitioner's Exhibits A–H under seal (Docs. 13-3, 13-4, 13-5, 13-6, 13-7, 13-8, 13-9, and 13-10). But the redacted public copy of the Petition (Doc. 1)—and the redacted public copies of Exhibits A, B, C, E, and F (Docs. 1-1, 1-2, 1-3, 1-4, and 1-5)—will not be sealed.

**IT IS FURTHER ORDERED** that Doe's Motion for Leave to Proceed Under Pseudonym, Doc. 3, be **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions be **DENIED** as moot.

**SO ORDERED,**

This 25th day of November, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE